UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>AKELA CONTRACTING LLC; AKELA CONTRACTING/CIVETTA COUSINS JV, JOINT VENTURE, LLC; JDV SAFETY INC.; ALL EYES ON SAFETY INC; KARINE WILLIAMS, individually; and BRIAN MCDERMOTT, individually,<br><br>Defendants. | Case No. 22 Civ. 01185 (VSB) |

## STIPULATION REGARDING CONDITIONAL COLLECTIVE ACTION CERTIFICATION

**WHEREAS**, Plaintiff Anthony Smith ("Plaintiff") commenced this putative collective action under the Fair Labor Standards Act on February 11, 2022; and

**WHEREAS**, Plaintiff, Opt-In Plaintiffs Wendy Coronel, William Penzo, Oscar Figueroa, Gladys Bautista, Shane Johnson, Paris Moody, Norma Boni, Obdulia Rosales Garcia, Celia Antonio, Ruth Galarza, and Lourdes Galarza (collectively, the "Opt-In Plaintiffs", and, together with Plaintiff, the "Plaintiffs"), Defendants Akela Contracting LLC ("Akela"), Akela Contracting/Civetta Cousins JV, Joint Venture, LLC ("Akela/Civetta") and Karine Williams ("Ms. Williams", and, together with Akela and Akela/Civetta, the "Akela Defendants"), and Defendants JDV Safety Inc., All Eyes on Safety Inc., and Brian McDermott (collectively, the "JDV Defendants", and, together with Akela Defendants, the "Defendants", and Defendants, together with Plaintiffs, the "Parties") have agreed to a 90-day stay, effective June 23, 2022 through September 21, 2022, of the above-captioned action and any and all deadlines to which the Parties may have previously consented or

agreed, or that may heretofore have been entered or directed by the Court therein; and

**WHEREAS**, the Parties have, in the interests of judicial economy and resource conservation, have agreed to the conditional certification of a collective action, as well as the dispatch of notice thereof, in accordance with the terms set forth herein;

**NOW THEREFORE**, the Parties, by and through their respective undersigned counsel, do hereby stipulate and agree as follows:

1. The Parties stipulate and consent to the conditional certification of a FLSA collective consisting of:

> all persons employed by JDV Defendants that work or have worked as flaggers or crossing guards on Akela and/or Akela/Civetta construction projects between February 11, 2019, and April 11, 2023

(hereinafter, the "FLSA Collective").

2. The Parties have negotiated and agreed upon forms of FLSA § 216(b) notice (the "Notices", and, each, a "Notice") and consent to join (the "Consent") to be transmitted to putative members of the FLSA Collective via USPS First Class Mail and text message, true and correct copies of which are annexed hereto, collectively, as **Exhibit A**.

3. Within fourteen (14) days of the Court's endorsement of this stipulation and approval of the attached Notices and Consent, Defendants shall provide Plaintiffs' counsel with a Microsoft Excel spreadsheet containing the following information: the full names, last known residential addresses, last known telephone numbers, and dates of employment of all putative members of the FLSA Collective (the "Spreadsheet"). Plaintiffs' counsel shall prepare a Spanish translation of the Court-approved Notices and Consent form, which will be forwarded to Defendants' counsel for their review and approval prior to distribution.

4. Within fourteen (14) days of Plaintiffs' counsel's receipt of Defendants' Spreadsheet, Plaintiffs' counsel shall cause copies of the Notice and Consent annexed hereto, collectively, as **Exhibit A**, together with stamped return envelopes addressed to Plaintiffs' counsel, to be sent by USPS First Class Mail to all of the putative FLSA Collective members identified in the Spreadsheet.  Plaintiff, alone, shall bear any and all costs associated with the mailing of the Notices, and return of the Consents, pursuant to this paragraph 4.  Nothing in this section shall prevent Plaintiff from seeking reimbursement of this cost under Fed. R. Civ. P. 54, should he be a prevailing party.

5. Within fourteen (14) days of Plaintiffs' counsel's receipt of Defendants' Spreadsheet, Plaintiffs' counsel shall cause the contents of the Notice annexed hereto as **Exhibit B** to be transmitted, verbatim, and via text message, to all members of the putative FLSA Collective for whom Defendants have furnished telephone numbers in the Spreadsheet if feasible. Embedded within the Notice to be transmitted pursuant to this paragraph 5 will be a hyperlink, which, when clicked by the recipient, will direct him/her/them to the Notice annexed hereto as part of **Exhibit A**.

6. All Notices, whether disseminated via USPS First Class Mail or text message, shall be dispatched by Plaintiffs' counsel on the same day/date that is within fourteen (14 days of the date on which Plaintiffs' counsel shall have received Defendants' Spreadsheet.

7. Within two (2) days of Plaintiff's counsel dispatch of the Notices and Consent pursuant to paragraphs 4, 5, and 6 hereof, Plaintiffs' counsel shall furnish Defendants' counsel with written confirmation of same.

8. As will be set forth in the Notices, the members of the putative FLSA Collective to whom same were dispatched shall be required to submit properly completed Consents to Plaintiff's

counsel within sixty (60) days of the date on which the Notices are disseminated. Absent Court approval, no Member of the FLSA Collective shall be permitted to opt in to the FLSA portion of this lawsuit unless he or she submits a signed Consent to Plaintiffs' counsel within sixty (60) days of the date on which the Notices are disseminated. As for Consents that are returned via the pre-paid envelopes enclosed with the Notices to be dispatched pursuant to paragraph 4 hereof, same must be postmarked by no later than the sixtieth day following the date on which the associated Notices and Consents were mailed to the putative FLSA Collective members by Plaintiff's counsel in order to be deemed timely.

9. Plaintiffs' counsel agrees to promptly file with the Court any Consents timely received by them within the 60-day period following the dispatch of the Notices and Consents pursuant to paragraphs 4, 5, and 6 hereof. For any Consents received by counsel after expiration of the 60-day opt-in period, but that were postmarked no later than the sixtieth day following the date on which the Notices and Consents were mailed to the putative FLSA Collective members by Plaintiffs' counsel, Plaintiffs' counsel shall file with the Court, along with such Consents, the postmarked envelopes by which they were delivered to Plaintiffs' counsel.

10. Plaintiffs' counsel agrees to retain the mailing envelopes for any Consents that they receive by mail. Plaintiffs' counsel may comply with the requirements of this paragraph 10 by scanning and saving digital copies of the fronts and backs of any and all envelopes by which Consents were mailed to them.

11. The parties shall discuss, in good faith, and within five (5) days of the close of the 60-day opt-in period to which the Parties have stipulated herein, the scope of written and deposition discovery to be sought and obtained from the members of the FLSA Collective that timely and successfully opt in to the collective action hereby conditionally certified.

12. Other than for purposes of disseminating the Notices and Consent in accordance with paragraphs 4, 5, and 6 hereof, Plaintiffs' counsel agrees that they shall not use the FLSA Collective members' contact information furnished by Defendants in the Spreadsheet to contact any FLSA Collective member until (i) he/she/they have timely and successfully opted in to the collective action hereby conditionally certified, and (ii) his/her/ their Consent has been filed with the Court. Plaintiff's counsel further agrees that they shall not use the FLSA Collective members' contact information furnished by Defendants in the Spreadsheet to solicit any such member of the FLSA Collective to join the collective action hereby conditionally certified. This provision shall not prevent Plaintiffs' counsel from returning messages or otherwise communicating with putative collective members who initiated contact with Plaintiffs' counsel.

13. Defendants reserve their right to move to decertify the conditionally certified collective action and/or to oppose certification of the collective action up to, through, and following the close of discovery in this matter.

Dated: New York, New York
July 11, 2023

**FITAPELLI SCHAFFER, LLP**

By: _____
Brian S. Schaffer
bschaffer@fslawfirm.com
Armando A. Ortiz
aortiz@fslawfirm.com
Katherine Bonilla
kbonilla@fslaw.com
28 Liberty Street, 30th Floor
New York, New York 10005

**KANE KESSLER, PC**

By: _____
Jeffrey Douglas
jdouglas@kanekessler.com
David A. Gold
dgold@kanekessler.com
John Reklaitis
jreklaitis@kanekessler.com
600 Third Ave., 35th Floor
New York, New York 10016
(212) 519-5183

**GRAE & GRAE LLC**

By: _____
Prévin A. Waran
pwaran@graelaw.com
120 Broadway 28th Floor
New York, New York 10271
(212) 221-8763

*Attorneys for the Akela Defendants*

| | |
|---|---|
| (212) 300-0375 | *Attorneys for the JDV Defendants* |
| *Attorneys for the Plaintiffs and Putative Class and Collective* | |

**SO ORDERED.**

**Dated: New York, New York
            _____, 2023**

　　　　　　　　　　　　　　　　 _____
　　　　　　　　　　　　　　　　 **HON. KATHARINE H. PARKER**
　　　　　　　　　　　　　　　　 **United States Magistrate Judge**