```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/5/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

ANTHONY SMITH, individually and on behalf of all others similarly situated,

                                                  *Plaintiff*,

-against-

AKELA CONTRACTING LLC; AKELA CONTRACTING/CIVETTA COUSINS JV, JOINT VENTURE, LLC; JDV SAFETY INC.; ALL EYES ON SAFETY INC; KARINE WILLIAMS, individually; and BRIAN MCDERMOTT, individually,

                                                  *Defendants*.

No. 22-CV-01185-VSB-KHP

**STIPULATION AND PROTECTIVE ORDER**

-----------------------------------------------------------------------

AKELA CONTRACTING LLC; AKELA CONTRACTING/CIVETTA COUSINS JV, JOINT VENTURE, LLC; and KARINE WILLIAMS, individually,

                                                  *Third-Party Plaintiffs*,

-against-

THE CITY OF NEW YORK,

                                                  *Third-Party Defendant*.

-----------------------------------------------------------------------X

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL" (once so designated and stamped, the "Confidential Information"). In order to expedite the production of project file documents by the City, project file documents may be designated by the City as confidential and treated as Confidential Information in accordance with the terms of this Protective Order. The City agrees to cooperate in good faith to review and, as appropriate, change a confidentiality designation on any such project file document that any other party represents it intends to include in a court filing and believes not to be Confidential Information. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

2. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

3. The parties should meet and confer if any production requires a designation of "For Attorneys' Eyes Only " or "For Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person except:

    a. the requesting party and counsel, including in-house counsel;

    b. employees of such counsel that have been assigned to and are assisting with the litigation;

      c. consultants or experts that are assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

      d. the Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

4. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

      a. inform the person of the confidential nature of the information or documents;

      b. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation, and has enjoined the disclosure of the information or documents to any other person; and

      c. require each such person, other than counsel and employees of such counsel that have been assigned to and are assisting with the litigation, to sign an agreement to be bound by this Order in the form attached hereto.

5. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

6. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

7. (a) Pursuant to Federal Rule of Evidence 502, the production of documents, communications, electronically stored information ("ESI"), or other information that is privileged or subject to other protections from disclosure (including but not limited to attorney work product protection) (collectively, "Protected Material"), whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from disclosure in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), and shall specifically preclude the application of FRE 502(b) to any clawback demand or Protected Material. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

(b) If the receiving party identifies a document or information produced or disclosed by the producing party that appears to contain Protected Material, the receiving party shall immediately (i) notify the producing party in writing that it has received the potentially Protected Material and identify the Protected Material by the Bates number of the document or, if no Bates number appears on the document, information sufficient to identify the document so that the producing party can make a clawback demand; and (ii) cease any inspection, use, or disclosure of the Protected Material, and of any work product, analyses, memoranda, or notes that the receiving party (and/or the receiving party's attorneys, consultants, experts, and/or agents) generated based upon such Protected Material.

(c) Immediately upon receiving a clawback demand, regardless of whether the receiving party agrees with the claim of privilege or protection, the receiving party shall cease any inspection, use, or disclosure of the Protected Material, and of any work product, analyses,

memoranda, or notes that the receiving party (and/or the receiving party's attorneys, consultants, experts, and/or agents) generated based upon such Protected Material.

(d) In the absence of an Order permitting otherwise, after the receiving party has identified a document or information produced or disclosed by the producing party that appears to be Protected Material, or after it receives a clawback demand, the receiving party shall not introduce the Protected Material into evidence, disclose it to any person or entity, or use it for any purpose in this or any other action. These introduction, use, and disclosure limitations shall not apply if the receiving party notifies the producing party of the apparent Protected Material in accordance with the terms hereof and the producing party confirms in writing that they will not claw back the document or information.

8. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

9. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

10. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

**SO STIPULATED AND AGREED**

*/s/ Armando Ortiz*

Armando Ortiz
Katherine Bonilla
FITAPELLI & SCHAFFER LLP
*Attorneys for Plaintiff*
28 Liberty Street
New York, NY 10005
aortiz@fslawfirm.com
kbonilla@fslawfirm.com
(212) 300-0375

Dated: March 1, 2024

/s/ Jeffrey Douglas

Jeffrey G. Douglas
BOCHNER PLLC
*Attorneys for Defendants All Eyes on Safety Inc., JDV Safety Inc., and Brian McDermott*
600 Third Avenue
35th Floor
New York, NY 10016
JDouglas@bochner.law
(516) 375-6136

Dated: New York, New York
March 4, 2024

**SO ORDERED.**

Dated: New York, New York
3/5/2024

*/s/ Previn Waran*

Previn Waran
Casey Rahn
GRAE & GRAE, LLC
*Attorneys for Defendants/Third-Party Plaintiffs Akela Contracting LLC, Akela Contracting/ Civetta Cousins JV, Joint Venture, LLC, and Karine Williams*
The Equitable Building
120 Broadway, 28th Floor
New York, NY 10271
pwaran@graelaw.com
crahn@graelaw.com
(212) 221-8763

Dated: New York, New York
March 1, 2024

*/s/ Margaret DeVoe*

Susan Turk
Margaret DeVoe
Assistant Corporation Counsels
HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
  City of New York
*Attorney for Third-Party Defendant*
100 Church Street
New York, New York 10007
sturk@law.nyc.gov
(212) 356-2242

Dated: New York, New York
March 4, 2024

*/s/ Katharine H. Parker*

**KATHARINE H. PARKER, U.S.M.J.**

**Agreement**

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____ have been designated as confidential.  I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order or the Court.

      I hereby agree that I will not disclose any information contained in such documents to any other person.  I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)