'UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANTHONY SMITH, individually and on behalf of all others similarly situated,

                              *Plaintiff*,

                  -against-

AKELA CONTRACTING LLC; AKELA CONTRACTING/CIVETTA COUSINS JV, JOINT VENTURE, LLC; JDV SAFETY INC.; ALL EYES ON SAFETY INC; KARINE WILLIAMS, individually; and BRIAN MCDERMOTT, individually

                              *Defendants*.
-----------------------------------------------------------------X
AKELA CONTRACTING LLC; AKELA CONTRACTING/CIVETTA COUSINS JV, JOINT VENTURE, LLC; JDV SAFETY INC.; ALL EYES ON SAFETY INC; KARINE WILLIAMS, individually; and BRIAN MCDERMOTT, individually

                           Third-Party Plaintiffs,

                  -against-

THE CITY OF NEW YORK,

                               Defendant.
-----------------------------------------------------------------X

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/20/2025**

**22-CV-1185 (VSB) (KHP)**

<u>**OPINION AND ORDER
ON
MOTION TO STAY DISCOVERY**</u>

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Third-party defendant, The City of New York ("NYC"), has moved for a protective order staying discovery pending the outcome of a motion to dismiss. The motion for a protective order is unopposed. For the reasons set forth below, the motion is GRANTED.

**BACKGROUND**

1. **<u>Factual Background</u>**

This wage case arises out of a public works project. (ECF No. 196-1, at ¶ 9) NYC awarded Defendants Akela Contracting LLC/Akela Contracting/Civetta Cousins JV, Joint Venture LLC ("Akela") several contracts for a public works construction projects, including one called School Safety Program 4, which involved construction of certain water mains, sewers, and other facilities in Queens (the "School Safety Project") and another called the Flatlands Project, which involved construction of certain sewers and water mains in Brooklyn (the "Flatlands Project"). (*Id.*) Neither of these projects was financed with federal funding. (ECF No. 196-2, at 2)

The contracts incorporated the March 2017 City of New York Standard Construction Contract ("SCC"), requiring Akela to comply with all applicable laws, including New York Labor Law. The contracts required payment of all prevailing wages as required under New York Labor Law § 220. (*Id.*, at 2-3) Akela agreed to pay any costs incurred by NYC in enforcing prevailing wage requirements. (*Id.*, at 3)

The contract also incorporated certain specifications regarding "Crossing Guards." (*Id.*) It specified that "laborers who are not full-time crossing guards" were not covered by Section 6.52CG of the New York City Standard Highway Specifications and that the City would not pay such laborers crossing guard pay. (*Id.*) And, although the NYC Comptroller had not established a prevailing wage rate for crossing guards, the contract specified that crossing guards were subject to Labor Law §220 prevailing wage requirements if they also directed construction equipment or performed "any laborer tasks." (*Id.*, at 4)

The contracts incorporated the Comptroller's Prevailing Wage Schedule applicable to the projects, which included prevailing wage rates for various classifications of workers, including laborers, but excluded crossing guards and flagpersons. (*Id.*)

The contracts required Akela to determine eligibility for prevailing wages and ensure that both its employees and those of its subcontractors were properly paid in accordance with those rates. (*Id.*, at 5)

## 2. Procedural Background

On February 11, 2022, Plaintiff Anthony Smith brought this action, on behalf of himself and others similarly situated, against Akela and others, contending he and others worked as flagpersons on the projects and were due, but not paid, prevailing wage rates because their actual work fell within the definition of "laborers" within the meaning of Labor Law § 220. (ECF No. 1)

Akela then brought its third-party claims against NYC in the event it became liable to pay the higher prevailing wage rates to the flagpersons. (ECF No. 81) NYC moved to dismiss the claims on the ground that Akela fails to state a claim given the express contract language placing the burden on Akela to ensure proper pay, among other reasons. (ECF No. 97)

Plaintiffs ultimately reached a settlement with Defendants in the amount of $340,000, which was approved by the Court. (ECF No. 188) Akela maintains its third-party claims against NYC to recoup what it paid in settlement. The parties have conducted some discovery, namely production of certain documents. But, because additional discovery in the third-party claims is voluminous and will be extremely costly, NYC has moved to stay further discovery pending a ruling on its motion to dismiss. (ECF No. 195)

## LEGAL STANDARD

"District courts have discretion to stay discovery for 'good cause' pending resolution of a motion to dismiss." I*n re Currency Conversion Fee Antitrust Litig.*, No. MDL-1409 (WHP), 2002

WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002); *see* Fed. R. Civ. P. 26(c).  The factors that a court considers in determining whether a party has shown good cause for a stay of discovery include "'the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay.'" *Richardson v. City of New York*, No. 21-CV-5080-PAE-KHP, 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022) (Parker, J.) (quoting *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation omitted)); *see also Ellington Credit Fund, Ltd. v. Select Portfolio Services, Inc.*, No. 08 Civ. 2437 (RJS), 2009 WL 274483, at *1 (S.D.N.Y. Feb. 3, 2009); *Niv v. Hilton Hotels Corp.*, No. 06 Civ. 7839 (PKL), 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007).  A stay, however, is not appropriate when the only reason for its imposition is that a motion to dismiss has been filed.  *See In re Currency Conversion*, 2002 WL 88278, at *1.

## DISCUSSION

The factors set forth above weigh in favor of a stay.  To start, the motion to dismiss is strong given the contract language and a recent decision from the Supreme Court, New York County which granted a motion to dismiss a complaint against NYC alleging nearly identical claims against it. *Judlau Contracting, Inc., et al. v. City of New York, et al.,* Index No. 653528/2022.  The Court in *Judlau Contracting* found that a contract (nearly identical to the contracts in this case) "put the risk on the contractor" – not NYC – for prevailing wage violations.  *See also Idahosa v. MFM Contracting Corp. et al,* Index No. 654637/2021 (same).  Further, sworn testimony in this case was favorable to Akela's position that it had properly paid Plaintiffs and that they did not in fact perform the work of laborers – a fact that undercuts Akela's third-party claims against NYC.

Second, the breadth of discovery sought is extensive and would require physical inspection of voluminous project documents as well as depositions of resident engineers and plaintiffs. Physical inspection is necessary due to the high volume of paper documents. The collection and scanning of these documents would in and of itself be costly and time-consuming.

Finally, Akila will not be prejudiced from a stay as it too will save the costs of litigating which could exceed the value of the claim.

## CONCLUSION

For all these reasons, the motion to stay discovery pending resolution of the motion to dismiss is GRANTED. Should the motion to dismiss be denied, within 30 days of the denial, the parties shall submit a proposed schedule for completing discovery.

**SO ORDERED.**

Dated: October 20, 2025
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge